# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0624, <u>State of New Hampshire v. Alain Lanciaux</u>, the court on August 10, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Alain Lanciaux, appeals his conviction for misdemeanor simple assault. Having reviewed his brief, we construe his arguments to be: (1) the evidence was insufficient to support his conviction; and (2) the Superior Court (<u>Garfunkel</u>, J.) erred in instructing the jury on the statutory defense of "defense of another," <u>see</u> RSA 627:4 (Supp. 2014).

We briefly summarize the evidence in the record before us. The events in this case took place in May 2013. The defendant and Alan Locke lived on neighboring properties in Center Conway. Locke had a clothesline and a woodpile that were located in an area that was the subject of a "Petition for Settlement of Property Line Dispute" filed by the defendant. The court issued a final order in that case in January 2014.

On May 27, 2013, Locke was "out back cutting wood" when he noticed that his laundry was on the ground. Upon two additional trips to the clothesline, he again found the laundry on the ground. Locke left his home to make a delivery to Maine. When he returned, he noticed that the clothes were on the ground again. As he hung them up, the defendant's wife came running out of her house and "rip[ped] them back down again." Locke "had an idea there would be some trouble because that was the fourth or fifth time that day" that his clothes had been taken from the clothesline and "[t]hey've never knocked them down before that I know of." Locke went into his house and "put [his] firearm on [his] side." When he came back outside, the defendant's wife was throwing wood and trying to cut his clothesline. The defendant came out of his shed and, as Locke was watching the defendant's wife, the defendant hit him in his ear, forearm and back with a piece of wood. The events were recorded by a camera placed by the defendant on one of his fence posts.

At the July 2014 trial, the State and the defendant stipulated that "the events that are the subject of this case happened on property owned by Mr. Lanciaux [the defendant]." The jury also viewed portions of the video recorded by the defendant's camera. At the close of the evidence, the trial court advised the

State and the defendant that it would instruct the jury on the statutory defenses of defense of third parties and defense of property. The court reviewed the wording of the instructions with the State and the defendant both before and after instructing the jury. The defendant did not object to the instructions. Following deliberations, the jury found the defendant guilty of misdemeanor assault.

On appeal, the defendant first argues that the evidence does not support his conviction. The defendant was charged with recklessly causing bodily injury to Locke. See RSA 631:2-a, I (b) (2007). The trial court determined that the defendant had presented sufficient evidence at trial to support both the defense of another, and defense of premises instructions, see RSA 627:7 (2007). Accordingly, the State was required to prove beyond a reasonable doubt that the defendant recklessly caused bodily injury to Locke and that the defendant's asserted defenses did not justify his actions. See State v. Cunningham, 159 N.H. 103, 107 (2009).

To prevail in his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Belleville, 166 N.H. 58, 61 (2014). We note that the record before us does not contain the video recorded by the defendant and viewed by the jury. See, e.g., Bean v. Red Oak Prop. Mgmt, 151 N.H. 248, 250 (2004) (burden on appealing party to provide sufficient record to decide issues he raises on appeal). The victim, however, described the events transpiring on the video as the jury viewed it. His description does not indicate that he was acting as the aggressor at the time when the defendant hit him. To the extent that the defendant argues that the victim's testimony was inconsistent, that he "lied under oath," or that he "contradicted himself constantly in his testimony," we have often observed that, in assessing witness credibility, a jury "may accept some parts and reject other parts of testimony, and adopt one or the other of inconsistent statements by witnesses." State v. King, 151 N.H. 59, 64 (2004). Moreover, although the defendant argues that Locke used non-deadly force because he had "a gun on his hip" when "he came on [the defendant's] property," the issue of the reasonableness of the defendant's actions taken in response to the victim's actions was an issue for the jury to determine. See State v. Mayo, 167 N.H. ___, ___ (decided February 20, 2015). Having reviewed the limited record before us, we conclude that the defendant does not prevail on his challenge to the sufficiency of the evidence.

The defendant also argues that the trial court "changed the wording of [RSA] 627:4, [I] (b)" when it instructed the jury. He argues that, although RSA 627:4, I (b) provides that a defendant cannot successfully assert the justification defense of self-defense when the defendant was the initial aggressor, the trial court instructed the jury that the defense of another defense was not available to

the defendant if the third person was the initial aggressor. He also argues that the trial court erred in failing to provide a definition of non-deadly force. Our review of the record indicates that, despite being given the opportunity by the trial court to review the instructions and to propose changes or additions, the defendant did not do so. He also did not identify any jury instruction error as an issue in his notice of appeal. Accordingly, this claim of error has also not been preserved for our review. See, e.g., State v. Blackmer, 149 N.H. 47, 48-49 (2003) (setting forth general principles of appellate review).

To the extent that the defendant asks that we grant relief under our plain error rule, we decline to do so. Even if we assume that the instruction was erroneous and that the error was plain, we conclude that the defendant has not demonstrated that the error affected his substantial rights. See State v. Mueller, 166 N.H. 65, 69 (2014). Generally, to satisfy this burden, the defendant must demonstrate that the error was prejudicial, i.e., that it affected the outcome of the proceeding. Id. at 70.

As the State concedes in its brief, we recently held in State v. Mayo, 167 N.H. ___, ___ (2015), that the defense of a third person statute does not require that the defendant be correct in his belief that the third person was not the initial aggressor; rather the defendant's belief must be reasonable. The victim and the defendant's wife presented contradictory descriptions of the events leading to the assault. The State also provided the video recorded by the defendant's camera. The defendant's wife testified that, at some point during the incident, the victim "grabbed" her arms and she "yelled" for the defendant. The victim denied that this occurred at any point during the incident. The narrative provided by the victim as the video was played for the jury indicates that the defendant's wife was not restrained by the victim, but rather was throwing wood at him, at the time that the defendant hit him repeatedly with the piece of wood. Thus, here, unlike in Mayo, the evidence showed that the defendant was present at all pertinent times during the interaction between his wife and the victim. See RSA 627:4, I (person may use non-deadly force to defend third person from what he reasonably believes to be imminent use of unlawful, non-deadly force by such other person). In these circumstances, we conclude that the defendant has failed to meet his burden to establish plain error.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3